UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>    v.<br><br>TJ TECHNOLOGY LLC,<br><br>    Defendant. | Case No. 21-cv-09655-WHO<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 14 |

Defendant TJ Technology LLC ("TJ Technology") moves to dismiss a complaint brought by plaintiff Brian Whitaker, alleging that TJ Technology violated the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act by not providing a wheelchair-accessible sales counter at a cell phone repair shop. The motion is DENIED. Whitaker has sufficiently alleged, at this early stage, that he intends to return to the shop, thereby establishing standing.

**BACKGROUND**

Whitaker, who uses a wheelchair, alleges that in November 2021, he visited Fix Bee, a cell phone repair shop that TJ Technology owns in San Bruno. Compl. [Dkt. No. 1] ¶¶ 1-2, 8. Whitaker contends that on the day he visited Fix Bee, it did not have a wheelchair-accessible sales counter. *Id*. at ¶¶ 10-12. According to Whitaker, the sales counter was too high (at an estimated 42 inches above the ground) and although the shop had a lower surface, it was a workshop bench used to fix devices and had no sales machine. *Id*. at ¶ 12. As a result, Whittaker alleges, he struggled to complete his transaction at the 42-inch sales counter. *Id*.

Whittaker maintains that he "will return" to Fix Bee once it is in compliance with disability access law, but is "currently deterred from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id*. at ¶ 20.

Whitaker filed suit on December 15, 2021, alleging violations of the ADA and Unruh Act. *Id*. at ¶¶ 22-32. TJ Technology moved to dismiss on February 15, 2022. Dkt. No. 14-1. Pursuant to Civil Local Rule 7-1(b), this matter is appropriate for resolution without oral argument.

## LEGAL STANDARD

A party may challenge the court's subject matter jurisdiction under Federal Rule of Civil Procedure Rule 12(b)(1).[1] *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The party asserting jurisdiction bears the burden of establishing the contrary. *See id.*

A Rule 12(b)(1) challenge may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the allegations pleaded in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The challenger asserts that the allegations in the complaint are insufficient "on their face" to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To resolve this challenge, the court assumes that the allegations in the complaint are true and draws all reasonable inference in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. To resolve this challenge, the court "need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). Instead, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citations omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute the allegations in the complaint, the opponent must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *see also Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

---

[1] Although TJ Technology references Rule 12(b)(6) in its motion to dismiss, its substantive arguments are wholly aimed at Article III standing, which is challenged under Rule 12(b)(1).

**DISCUSSION**

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A violation of the ADA constitutes a violation of the Unruh Act. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007); *see also* Cal Civ. Code § 51(f).

The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by demanding, among other things, that plaintiffs have standing to sue. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish standing, a plaintiff must show that he has "suffered a concrete and particularized injury that is either actual or imminent," that the injury is "fairly traceable to the defendant," and that it is "likely that a favorable decision will redress that injury." *See Massachusetts v. EPA*, 549 U.S. 497, 517 (2007).

To receive injunctive relief under the ADA (the only remedy available), Whitaker must demonstrate a "sufficient likelihood that he will again be wronged in a similar way." *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946-48 (9th Cir. 2011) (en banc) (internal citation omitted). There are two ways to do this. A plaintiff may show that he "intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury." *Id.* at 948. Or, he may show that he is "deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Id.* at 949. In other words, an ADA plaintiff can establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.

TJ Technology's primary argument is that Whitaker has not established a likelihood of future injury because he has not sufficiently alleged an intent to return to Fix Bee and thus, does not have standing to bring his ADA claim. *See* Mot. to Dismiss ("MTD") [Dkt. No. 14-1] 10:17-25. It points to the number of ADA cases Whitaker has filed against other businesses (arguing that he "has yet to return to more than a handful"), the distance between Whitaker's apartment in West Los Angeles and the Fix Bee in San Bruno, and what it contends is an absence of allegations

3

in the complaint that Whitaker previously patronized a Fix Bee shop or has concrete plans to return. *Id*. at 14:23-16:17.

TJ Technology also argues that Whitaker has "no reason to be deterred" from returning to Fix Bee, referring in part to a state court judge's finding that Whitaker did not establish that he had difficulty using a counter at a restaurant. *See id*. at 17:2-3 (referencing Ex. A).[2]

These arguments go to Whitaker's credibility. While this will ultimately be tested by evidence, the Ninth Circuit has explained that, in assessing whether ADA plaintiffs have shown standing at the pleadings stage, "[w]e limit our evaluation to the pleadings." *Civil Rights Educ. & Enf't Ctr. v. Hosp. Prop. Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017). As the Supreme Court has stated, standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561 (citations omitted). So, at this stage, "general factual allegations of injury resulting from the defendant's conduct may suffice." *See id*.

Whitaker alleges that he went to a business (Fix Bee), encountered a barrier (the 42-inch sales counter), is deterred (and thus injured), and "will return to Fix Bee to avail himself of its goods and services and to determine compliance with the disability access laws once it is represented to him that Fix Bee and its facilities are accessible." *See* Compl. at ¶¶ 8, 12, 20. This is enough for Whitaker to establish standing. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."); *see also Garcia*, 2021 WL 7285264, at *4 (holding that the plaintiff had established standing by alleging that he went to a business, encountered a barrier, was deterred, and would return to the business once it was accessible).

Although some judges have held evidentiary showings at the pleading stage regarding the credibility of an ADA plaintiff's intent to return, I see no particular reason to do so here. *See*

---

[2] TJ Technology's unopposed request for judicial notice of the other court records is GRANTED. *See* MTD at 5; Fed. R. Evid. 201(b).

*Garcia*, 2021 WL 7285264, at *4.  TJ Technology will have ample opportunity to test Whitaker's credibility—using any of the points it has raised in these papers—if and when this suit progresses.

I say "if and when" because of a single sentence buried at the end of TJ Technology's motion: that the Fix Bee sales counter "was recently lowered down to 36 inches from the floor, rendering the within case moot." MTD at 17:20-23.  Without more, this is not enough to warrant dismissal of Whitaker's complaint.  But assuming the truth of that representation, there is no need for further litigation and the parties should resolve this matter now.

## CONCLUSION

For the above reasons, TJ Technology's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: May 5, 2022



William H. Orrick
United States District Judge